Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| ERNESTO RUIZ ROMERO  Apelante  v.  SOUTH AMERICAN RESTAURANT CORP.  Apelado | TA2026AP00588 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce  Caso Núm.: JD2026CV00040  Sobre: Despido Injustificado (Ley Núm. 80) y otros |
|---|---|---|

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de junio de 2026.

Comparece Ernesto Ruiz Romero (en adelante, señor Ruiz Romero o apelante), por derecho propio mediante un recurso de *apelación* para solicitarnos la revisión de la *Sentencia* emitida el 15 de mayo de 2026, y notificada el 28, del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Ponce.[1]

Mediante la *Sentencia* apelada, el tribunal de instancia declaró *Ha Lugar* una solicitud de desestimación y, en consecuencia, desestimó con perjuicio la *Querella* incoada por el apelante.

Por los fundamentos que expondremos, se *confirma* la *Sentencia* apelada.

I

El caso de marras inició el 20 de enero de 2026, cuando el apelante, por derecho propio, presentó una *Querella,*[2] al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales (Ley Núm. 2) contra SOUTH AMERICAN RESTAURANTS CORP. (en

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 45.
[2] SUMAC TPI, a la Entrada Núm. 2.

adelante, parte apelada).[3] Adujo que fue despedido injustificadamente por razón de que presentó testimonio ante la Policía de Puerto Rico, en violación a la Ley Sobre Despidos Injustificados (Ley Núm. 80).[4] Además, presentó unas pretensiones adicionales al amparo de la Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial (Ley Núm. 115),[5] por una alegada violación a la Ley de Derechos de Empleo y Reempleo de los Servicios Uniformados (Ley USERRA)[6] y por un supuesto quebrantamiento de políticas públicas relacionadas con violencia doméstica y acecho en el empleo. Asimismo, solicitó los beneficios de reposición de empleo y salarios bajo la Ley Antidiscrimen de Puerto Rico (Ley Núm. 100)[7], Ley Núm. 115, Ley Núm. 80 y Ley USERRA. Por otra parte, presentó una reclamación bajo el Título II de la Ley de Estadounidenses con Discapacidades, conocida en inglés como *American Disabilities Act* (Ley ADA).[8] A tenor, solicitó que se declarara *Ha Lugar* la *Querella* instada por este.

En respuesta, el 4 de febrero de 2026, la parte apelada presentó su *Contestación a Querella Laboral.*[9] En esta, aceptó parte de alegaciones y negó otras. Además, presentó ciertas defensas afirmativas. En lo pertinente, esbozó que, el 31 de octubre de 2011, la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos (OMA) resolvió que la parte apelada demostró justa causa para el despido del señor Ruiz Romero, toda vez que las actuaciones de este entorpecían el buen funcionamiento de la empresa y lesionaban la paz laboral entre los empleados. Indicó que dicha determinación fue confirmada posteriormente por este

---

[3] Ley Núm. 2 del 12 de octubre de 1961, 32 LPRA sec. 3118 *et seq.*
[4] Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec.185a *et seq.*
[5] Ley Núm. 115 de 20 de diciembre de 1991, 29 LPRA sec. 194 *et seq.*
[6] 38 USCA sec. 4301 *et seq.*
[7] Ley Núm. 100 de 30 de junio de 1959, 29 LPRA sec. 146 *et seq.*
[8] 42 USCA sec. 12188 *et seq.*
[9] SUMAC TPI, a la Entrada Núm. 6.

Tribunal de Apelaciones mediante *Sentencia* del 18 de enero de 2012,[10] por lo que quedó resuelto de manera inequívoca que el despido del señor Ruiz Romero fue plenamente justificado y que las reclamaciones por despido injustificado, al amparo de la Ley Núm. 80, se encontraban derrotadas por la doctrina de cosa juzgada.

Por otra parte, en lo pertinente a los argumentos sobre la Ley Núm. 115, por violación a la USERRA, el Título II de la Ley ADA, así como por el quebrantamiento de políticas públicas relacionadas con violencia doméstica y/o acecho en el empleo, indicó que estos debían considerarse extinguidos. Lo anterior, debido a que, una vez acreditada la existencia de justa causa para el despido y descartada la alegación medular de ausencia de causa, carecían de fundamento los reclamos accesorios o suplementarios que dependían necesariamente de dicha premisa.

Por otro lado, adujo que, el 14 de enero de 2026, el Tribunal de Primera Instancia, emitió *Sentencia* en el alfanumérico JD2025CV00535, el cual contenía esencialmente los mismos hechos del caso que nos ocupa.[11] Indicó que, mediante dicha *Sentencia*, el foro primario desestimó con perjuicio la *Querella* original y, además, dictó una orden de cese y desista contra el señor Ruiz Romero, en la cual se le requirió que se abstuviera de presentar reclamaciones futuras basadas en los mismos hechos. A tenor, peticionó que se declarara *No Ha Lugar* la *Querella* incoada en el caso de marras y, en consecuencia, desestimara la causa de acción, con perjuicio.

Subsiguientemente, el 6 de febrero de 2026, la parte apelada instó una *Moción de desestimación de querella laboral, solicitud de desacato, imposición de sanciones y honorarios.*[12] Esgrimió que la

---

[10] Véase, *Sentencia* emitida en el caso bajo el alfanumérico KLRA201101214.
[11] Véase, *Sentencia* emitida en el SUMAC TPI, bajo el alfanumérico JD2025CV00535.
[12] SUMAC TPI, a la Entrada Núm. 8.

*Querella,* presentada el 20 de enero de 2026 por el señor Ruiz Romero, estaba basada en hechos y teorías jurídicas idénticas a las que presentó en el alfanumérico JD2025CV00535. Arguyó que las reclamaciones relacionadas a la terminación de su empleo con la parte apelada ya habían sido adjudicadas mediante sentencia final y firme, por lo que constituían cosa juzgada. Asimismo, alegó que, tratándose de un despido que ocurrió en el 2008, todas las reclamaciones relacionadas a su empleo estaban claramente prescritas y/o sujetas a la doctrina de incuria, razón por la cual procedía la desestimación de la *Querella* al amparo de la Regla 10.2 de Procedimiento Civil.[13]

Dado a todo lo anterior, solicitó que se desestimara con perjuicio la *Querella* instada por el señor Ruiz Romero y se le declarara a este incurso en desacato civil. Además, solicitó que se refiriera y procesara al apelante por desacato criminal y se le impusiera el pago de honorarios, costas y sanciones económicas. Por último, solicitó que el foro primario reiterara la orden de cese y desista.

En este punto, precisa mencionar que previo a estas incidencias procesales, el 23 de enero de 2026, la parte apelada había presentado un escrito mediante el cual se notificó al Tribunal que se había presentado en el alfanumérico JD2025CV00535 una solicitud para que se consolidara dicho pleito con el de marras.[14] En respuesta, mediante *Orden* emitida el 16 de febrero de 2026, y notificada el 17 de febrero de 2026, el tribunal de instancia quedó enterado y expresó que la solicitud de consolidación de casos debía ser presentada en el pleito de mayor antigüedad.[15]

---

[13] 32 LPRA Ap. V, R. 10.2.
[14] SUMAC TPI, a la Entrada Núm. 4.
[15] *Íd.,* a la Entrada Núm. 12.

Regresando a lo anterior, y en respuesta al escrito presentado por la parte apelada, mediante *Orden* emitida el 16 de febrero de 2026, y notificada el 17 de febrero de 2026, el foro primario concedió el término de veinte (20) días al apelante para fijar posición.[16]

Seguido, el 18 de febrero de 2026, el apelante instó una *Solicitud de orden – subpoena duces tecum y prórroga para contestar la moción de desestimación.*[17] Solicitó la expedición de órdenes y citaciones para obtener expedientes administrativos y de personal, grabaciones, notas de investigadores y comunicaciones internas de agencias, así como una prórroga para contestar la *Moción de desestimación de querella laboral, solicitud de desacato, imposición de sanciones y honorarios*, presentada el 6 de febrero de 2026. En reacción, el 23 de febrero de 2025, la parte apelada interpuso su oposición.[18] Solicitó que el foro de instancia denegara la solicitud presentada por el apelante y resolviera la *Moción de desestimación de querella laboral, solicitud de desacato, imposición de sanciones y honorarios.*

Luego, el 25 de febrero de 2026, el apelante presentó una *Moción sobre 20 días para contestar.*[19] En esta, solicitó una prórroga para presentar la documentación que había solicitado y que, una vez sometida dicha prueba, quedaría sometida para la consideración del foro primario su posición.

De lo que sigue, mediante *Orden* del 26 de febrero 2026, el foro de instancia declaró *No Ha Lugar* lo solicitado por el apelante en lo relativo al descubrimiento de prueba y dispuso que primero se atendería la moción dispositiva, para lo cual le concedió término final al apelante para fijar posición.[20]

---

[16] SUMAC TPI, a la Entrada Núm. 14.
[17] *Íd.,* a la Entrada Núm. 16.
[18] *Íd.,* a la Entrada Núm. 17.
[19] *Íd.,* a la Entrada Núm. 18.
[20] *Íd.,* a la Entrada Núm. 21.

Por su parte, el 16 de marzo de 2026, la parte apelada presentó una *Moción para que se dé como no opuesta la Moción de desestimación de querella laboral, solicitud de desacato, imposición de sanciones y honorarios.*[21] Arguyó que, habiendo transcurrido el término final concedido por el foro primario sin que el apelante presentara una oposición a la *Moción de desestimación de querella laboral, solicitud de desacato, imposición de sanciones y honorarios*, procedía que dicha moción se diera por no opuesta y fuera resuelta conforme a lo solicitado. En consecuencia, reiteró los planteamientos expuestos en su pliego. A tenor, solicitó que se diera por no opuesta dicha moción, se acogiera la misma y se desestimara la *Querella* con perjuicio. Además, solicitó que se concedieran los remedios solicitados, incluyendo la imposición de sanciones, honorarios y la reafirmación de la orden de cese y desista previamente emitida.

Luego de varias incidencias procesales innecesarias resumir, en las cuales se incluyó la presentación de varios escritos por el apelante, el 22 de abril de 2026, el apelante presentó su oposición a la solicitud presentada por la parte apelada.[22] En esencia, esgrimió que en el caso bajo el alfanumérico JD2025CV00535, no tuvo la oportunidad de presentar todos los hechos y el derecho aplicable. Además, indicó que el caso de epígrafe y el caso bajo el alfanumérico JD2025CV00535 no eran los mismos. Peticionó que se declarara *No Ha Lugar* la *Moción de desestimación de querella laboral, solicitud de desacato, imposición de sanciones y honorarios,* presentada por la parte apelada.

De ahí, y luego de otros incidentes procesales innecesarios pormenorizar, el 15 de mayo de 2026, notificada el 28 de mayo de

---

[21] SUMAC TPI, a la Entrada Núm. 29.
[22] *Íd.,* a la Entrada Núm. 40.

2026, el tribunal de instancia emitió la *Sentencia* que nos ocupa.[23]. Mediante este dictamen, el foro primario declaró *Ha Lugar* la solicitud de desestimación interpuesta por la parte apelada y, en consecuencia, desestimó con perjuicio la *Querella* presentada por el apelante.

En la Sentencia, el foro *a quo* concluyó que no existía controversia en torno a que, mediante la *Sentencia* dictada el 18 de enero de 2012 en el alfanumérico KLRA201101214, quedó resuelto que el despido del apelante fue justificado. A tenor, dispuso que la reclamación al palio de la Ley Núm. 80,[24] se encontraba derrotada por constituir cosa juzgada. Por otro lado, en lo relativo a lo reclamado al amparo de la Ley Núm. 115,[25] juzgó que resultaba de aplicación la doctrina de impedimento colateral por sentencia puesto a que las mismas se nutrían y dependían íntegramente del alegado despido injustificado ya resuelto. Abundó que, aun aceptando como nuevas, las reclamaciones al amparo de la Ley Núm. 115,[26] la Ley Núm. 100,[27] la Ley ADA,[28] y la Ley USERRA,[29] y de la manera más favorable para el apelante, las mismas se encontraban prescritas y sujetas a la doctrina de incuria. Añadió que, en torno a las reclamaciones al amparo de la Ley ADA,[30] tras no haberse agotado los remedios administrativos, procedía también su desestimación.

Por otro lado, destacó que conforme a lo que se desprendía de los autos, concurrían todos los elementos para que se configurara un desacato puesto a que existía una orden de cese y desista emitida por el Tribunal el 14 de enero de 2026, en el alfanumérico

---

[23] SUMAC TPI, a la Entrada Núm. 45.
[24] Ley Núm. 80, *supra.*
[25] Ley Núm. 115, *supra.*
[26] *Íd.*
[27] Ley Núm. 100, *supra.*
[28] 42 USCA sec. 12188 *et seq.*
[29] 38 USCA sec. 4301 *et seq.*
[30] 42 USCA sec. 12188 *et seq.*

JD2025CV00535, sobre la cual el apelante tenía conocimiento, y el apelante actuó en plena contravención a la misma tras presentar la *Querella* de autos. Aun así, dispuso no encontrarle incurso en desacato.

Ahora bien, la primera instancia judicial también concluyó que el apelante actuó con temeridad manifiesta y desatención a la autoridad judicial tras intentar reabrir controversias previamente adjudicadas y perpetuando un patrón de litigación abusiva. En consecuencia, reiteró la orden de cese y desista emitida en el alfanumérico JD2025CV00535, y se le advirtió que un nuevo incumplimiento constituiría desacato criminal y se le impondría el pago de una suma no menor de $2,000.00 dólares, por concepto de honorarios de abogado.

En desacuerdo, el 5 de junio de 2026, compareció el apelante mediante un recurso de *apelación* en el cual alzó los siguientes tres (3) señalamientos de error:

PRIMER ERROR:

> Erró el tribunal de primera instancia sala superior Honorable Mónica alpi Figueroa al no adjudicar conforme a derecho ninguna posición de la oposición a moción de desestimación por lo tanto decido completamente a base de lo que el demandado le indico como si el demandado fuera el demandante y como si la oposición a desestimación no existiera. Por lo cual siendo una desestimación bajo la regla 10 de procedimiento civil de 2009 procede que el tribunal apelativo vea la oposición a desestimación las defensas y excepciones a la doctrina de cosa juzgada de Novo por lo cual se renueva esa moción en su totalidad. CUANDO ESTO ES UN CASO DE CONTRATOS NOVANDO LA RELACIÓN LABORAL. [sic]

SEGUNDO ERROR:

> El tribunal de Ponce violento la doctrina de no impairment de los contratos que está en la constitución federal. Y Violento el tribunal de Ponce el derecho a que su demanda fuera adjudicada en los méritos y que sus puntos de vista fueran adjudicados. y Violó la enmienda 14 federal el tribunal de Ponce al no adjudicar nada de la oposición a desestimación. [sic]

TERCER ERROR:

> Error el tribunal en la aplicación de la doctrina de cosa juzgada. y se Re argumenta la oposición a desestimación bajo la regla 49.2 de procedimiento civil y la sentencia sumaria solicitada. Constituyéndose clear. Que no se sostiene esas determinaciones de la sentencia con el expediente. [sic]

Mediante *Resolución* emitida el 9 de junio de 2026, concedimos a la parte apelada hasta el 17 de junio de 2026, para presentar su alegato en oposición. El 17 de junio de 2026, compareció la parte apelada mediante *Alegato en oposición a apelación.* Solicitó que el dictamen apelado fuese confirmado en todos sus extremos. Con el beneficio de la comparecencia de las partes, procederemos a disponer del presente recurso.

## II

### A. Las Doctrinas de Cosa Juzgada y el Impedimento Colateral

La doctrina de cosa juzgada "persigue poner fin a los litigios luego de que los tribunales los adjudiquen de forma definitiva y, de este modo, garantizar la certidumbre y la seguridad de los derechos declarados mediante una resolución judicial".[31] Así, pues, se fomenta el interés del Estado de que se les ponga fin a los litigios.[32] Además, se protege el interés de los ciudadanos de no litigar la misma causa en múltiples ocasiones.[33] Será necesario, para la aplicación de esta esta doctrina, que concurra la más perfecta identidad de las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.[34]

En lo que respecta al requisito de la identidad de cosas, este significa que existe un segundo pleito el cual versa sobre el mismo asunto adjudicado en el primer pleito, aunque en uno la cosa se abordase totalmente y en el otro solo parcialmente, o que haya sido

---

[31] *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 655 (2013).
[32] *P.R. Wire Prod. v. C. Crespo & Assoc.,* 175 DPR 139, 151 (2008).
[33] *Íd.*
[34] *Presidential v. Transcaribe,* 186 DPR 263, 274 (2012); *Fatach v. Triple S, Inc.,* 147 DPR 882, 889 (1999).

disminuida o alterada.[35] Se sabe que los pleitos comparten identidad de cosas cuando el juzgador de instancia, al emitir una determinación, arriesga contradecir una decisión anterior.[36]

Por otra parte, la identidad de causas existe cuando los hechos y los fundamentos de las peticiones son idénticos en lo que afecta a la cuestión planteada. De manera que, al determinar si existe identidad de causas de acción, debemos preguntarnos si ambas reclamaciones se basan en la misma transacción o núcleo de hechos.[37] Finalmente, en cuanto a la identidad de personas, esta se suscita cuando las partes del segundo pleito comparecieron en el pleito anterior, o se encuentran unidos por vínculos de solidaridad.[38] Asimismo, la identidad de personas pueda darse porque existen entre las personas causahabientes en los pleitos una indivisibilidad en las prestaciones entre los que ostentan derecho a exigirlas u obligación de satisfacerlas. Al considerar lo que respecta a la identidad de las personas, se ha determinado que los efectos de la cosa juzgada se extienden a quienes intervienen en el proceso, a nombre y en interés propio.[39]

Establecido lo anterior, cabe resaltar que el impedimento colateral por sentencia es una modalidad de la defensa de cosa juzgada.[40] Ahora bien, esta doctrina se distingue de la cosa juzgada en que, para su aplicación, no es necesario que se configure el requisito de identidad de causas.[41] En otras palabras "la razón para pedir una demanda no tiene que ser la misma que se presentó en la demanda anterior".[42] A esos efectos, esta doctrina podrá ser de aplicación "cuando un hecho esencial para el pronunciamiento de

---

[35] *Rodríguez Rodríguez v. Colberg Comas*, 131 DPR 212, 220 (1992).
[36] *Presidential v. Transcaribe*, supra, a las págs. 274-275.
[37] *Íd.*, a la pág. 275.
[38] *Íd.*, a las págs. 275-276.
[39] *Íd.*, a la pág. 276.
[40] *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 225 (2012).
[41] *Presidential v. Transcaribe,* supra, a las págs. 276-277.
[42] *Íd.*, a la pág. 277.

una sentencia se dilucida y se determina mediante sentencia válida y final y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas".[43] No obstante, lo anterior, la aplicación de esta doctrina no procederá en casos en los cuales la parte promovente de la acción no tuvo oportunidad previa de litigar el asunto o no fue la parte perdidosa en el pleito anterior.[44]

Por último, huelga puntualizar que la doctrina de cosa juzgada no es inflexible y/o automática, esta puede ceder cuando, en su aplicación, esta derrote los fines de la justicia o las consideraciones del orden público.[45]

### B. El Procedimiento Sumario bajo la Ley Núm. 2

La Ley de Procedimiento Sumario de Reclamaciones Laborales,[46] provee un mecanismo procesal para la rápida tramitación y adjudicación de las querellas de obreros y empleados presentadas contra sus patronos por servicios prestados, relacionadas a salarios, beneficios y derechos laborales.[47] El carácter sumario constituye la médula de la Ley Núm. 2.[48] Es por ello que, para cumplir con su propósito rector, de proveer al obrero o empleado un remedio rápido y eficaz,[49] la Sección 9 de la Ley Núm. 2 dispone que "[c]ualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer un recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.[50] A esos efectos, nuestro Tribunal Supremo

---

[43] *Beníquez et al. v. Vargas et al.*, supra, a la pág. 225. (Cita depurada).
[44] *P.R. Wire Prod. v. C. Crespo & Assoc.*, supra, a la pág. 153.
[45] *Presidential v. Transcaribe*, supra, a la pág. 273.
[46] Ley Núm. 2, *supra.*
[47] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018); *Patino Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016); *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921, 928 (2008); *Lucero v. San Juan Star,* 159 DPR 494, 504 (2003).
[48] *Bacardí Corp. v. Torres Aguayo*, 202 DPR 1014, 1019 (2019).
[49] *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446-447 (2016).
[50] Ley Núm. 2, *supra,* Sec. 9, 32 LPRA sec. 3127.

estableció que la revisión de resoluciones interlocutorias desvirtúa el carácter sumario del procedimiento.[51] Por consiguiente, la parte que pretenda impugnar una resolución interlocutoria deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente, a base del alegado error cometido.[52]

No obstante, lo anterior, el Alto Foro reconoció que esta norma no sería absoluta y cedería en aquellos casos en los cuales la resolución sea dictada sin jurisdicción por el tribunal de instancia, o en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo.[53] A esos efectos, y a modo excepcional, los tribunales apelativos deben ejercer su facultad para revisar, mediante *certiorari,* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario conforme a la Ley Núm. 2, en las siguientes circunstancias: (i) cuando el foro primario haya actuado sin jurisdicción; (ii) en situaciones en las que la revisión inmediata dispone del caso por completo, o (iii) cuando la revisión tenga el efecto de evitar una grave injusticia.[54]

### C. La Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil regula la presentación de defensas y objeciones a una reclamación judicial.[55] La moción de desestimación al amparo de esta regla es una defensa especial que formula el demandado para solicitar que se desestime la demanda presentada en su contra, incluso sin necesidad de formular una alegación previa.[56] En específico, la regla establece que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:

---

[51] *Dávila Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496 (1999).

[52] *Íd.,* a la pág. 497.

[53] *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021); *Dávila Rivera v. Antilles; Shipping, Inc.*, supra, a las págs. 497-498.

[54] *Díaz Santiago v. PUCPR et al.*, supra, a la pág. 349; *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 733 (2016); *Ortiz v. Holsum,* 190 DPR 511, 517 (2014); *Dávila Rivera v. Antilles Shipping, Inc.*, supra, a la pág. 498.

[55] 32 LPRA Ap. V, R. 10.2.

[56] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006).

(1) falta de jurisdicción sobre la materia;

(2) falta de jurisdicción sobre la persona;

(3) insuficiencia del emplazamiento;

(4) insuficiencia del diligenciamiento del emplazamiento;

(5) dejar de exponer una reclamación que justifique la concesión de un remedio;

(6) dejar de acumular una parte indispensable.[57]

Al atender a una moción de desestimación fundamentada en que la reclamación no justifica la concesión de un remedio, el juzgador de instancia deberá tomar por cierto todos los hechos bien alegados en la demanda, así como aquellos que hayan sido aseverados de manera clara, concluyente y que de su faz no den margen a dudas.[58] A su vez, deberá interpretar las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible para la parte demandante, para así determinar si la misma es suficiente para constituir una reclamación válida.[59] Ello, puesto a que, en nuestro ordenamiento jurídico, se ha desarrollado una política pública a favor de que los casos se ventilen en los méritos.[60] A esos efectos, la desestimación únicamente procederá cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito, o que la parte demandante no tiene derecho a obtener algún remedio.[61] Además, nuestro Tribunal Supremo ha sido enfático en que la desestimación no procede si la reclamación es susceptible de ser enmendada.[62]

---

[57] Regla 10. 2 de Procedimiento Civil, *supra.*

[58] *González Méndez v. Acción Social et al*, 196 DPR 213, 234 (2016); *Accurate Sols. v. Heritage Enviroment,* 193 DPR 423, 433 (2015); *Colón v. Lotería,* 167 DPR 625, 649 (2006).

[59] *Torres, Torres v. Torres et al.,* 179 DPR 481, 501 (2010); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 505 (1994).

[60] *González Méndez v. Acción Social et al.,* supra, a la pág. 235.

[61] *Íd.*

[62] *Accurate Sols. v. Heritage Enviroment,* supra, a la pág. 433; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 429 (2008); *Colón v. Lotería,* supra, a la pág. 649; *Clemente v. Depto. de la Vivienda,* 114 DPR 763, 771 (1993).

### III

Ante nuestra consideración, tenemos un recurso de apelación presentado por el apelante luego de haber quedado insatisfecho con lo resuelto por la primera instancia judicial cuando dispuso declarar *Ha Lugar* una solicitud de desestimación presentada por la parte apelada y, en consecuencia, desestimar sin perjuicio su acción civil.

Mediante sus tres (3) señalamientos de error, en esencia, el apelante nos plantea que el foro de instancia se equivocó: al resolver la solicitud de desestimación sin considerar su posición; al no atender los reclamos de la *Querella* en sus méritos y al aplicar la doctrina sobre cosa juzgada en este caso. Tras juzgar que los errores son susceptibles de ser discutidos en conjunto, obraremos como tal.

Según expusimos, el caso del título inició cuando el apelante instó una *Querella* al amparo de la Ley Núm. 2,[63] en la cual adujo haber sido despedido injustificadamente. Además, alegó que fue objeto de represalias, en violación a la Ley Núm. 115,[64] así como de una violación a la USERRA.[65] De igual forma, reclamó los remedios de reposición en el empleo y pago de salarios dejados de percibir al amparo de la Ley Núm. 100.[66] Por otra parte, presentó una reclamación bajo el Titulo II de la Ley ADA.[67] Solicitó pues, que se declarara *Ha Lugar* la *Querella* instada por este.

Por su parte, la parte apelada presentó su contestación a la *Querella* e instó, además, una solicitud de desestimación en la cual esbozó que las reclamaciones relacionadas a la terminación de su empleo ya habían sido adjudicadas mediante sentencia final y firme, por lo que constituían cosa juzgada. Expuso, además, que, conforme a los dictámenes emitidos en los alfanuméricos JD2025CV00535 y KLRA201101214, quedó resuelto que el despido

---

[63] Ley Núm. 2, *supra.*
[64] Ley Núm. 115, *supra.*
[65] 38 USCA sec. 4301 *et seq.*
[66] Ley Núm. 100, *supra.*
[67] 42 USCA sec. 12188 *et seq.*

del apelante fue justificado. Asimismo, alegó que, tratándose de un despido que ocurrió en el 2008, todas las reclamaciones relacionadas a su empleo estaban claramente prescritas y/o sujetas a la doctrina de incuria, razón por la cual procedía la desestimación de la *Querella* al amparo de la Regla 10.2 de Procedimiento Civil.[68] A tenor, peticionó que se desestimara con perjuicio la *Querella* instada por el señor Ruiz Romero y se le declarara a este incurso en desacato civil y criminal. Además, solicitó que el foro primario reiterara la orden de cese y desista.

Conforme a nuestro marco doctrinal, la Ley Núm. 2,[69] provee un mecanismo procesal para la rápida tramitación y adjudicación de las querellas de obreros y empleados presentadas contra sus patronos por servicios prestados, relacionadas a salarios, beneficios y derechos laborales.[70] Según expusimos, la causa de acción fue incoada al amparo de la Ley Núm. 2. Sabido es que, para cumplir con su propósito rector, de proveer al obrero o empleado un remedio rápido y eficaz,[71] la Sección 9 de la Ley Núm. 2 dispone que "[c]ualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer un recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.[72] En vista de que el apelante radicó su recurso de *apelación* dentro del término correspondiente, ostentamos jurisdicción para atender el mismo.

Dicho lo anterior, del expediente ante nos, se desprende que el foro de instancia, recibida una moción dispositiva al amparo de la

---

[68] 32 LPRA Ap. V, R. 10.2.
[69] Ley Núm. 2, *supra.*
[70] *Ruiz Camilo v. Trafon Group, Inc.*, supra, a la pág. 265; *Patino Chirino v. Parador Villa Antonio*, supra, a la pág. 446; *Vizcarrondo Morales v. MVM, Inc.,* supra, a la pág. 928; *Lucero v. San Juan Star*, supra, a la pág. 504.
[71] *Patiño Chirino v. Parador Villa Antonio*, supra, a las págs. 446-447.
[72] Ley Núm. 2, *supra*, Sec. 9, 32 LPRA sec. 3127.

Regla 10.2 de las de Procedimiento Civil,[73] dispuso conceder el remedio solicitado, la desestimación. Sabido es que la moción de desestimación es una defensa especial que formula el demandado para solicitar que se desestime la demanda presentada en su contra, incluso sin necesidad de formular una alegación previa.[74] En específico, la regla establece que las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:

(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable.[75]

Con lo anterior en mente, estudiamos minuciosamente y en su totalidad el expediente ante nos, incluyendo los autos ante el foro de instancia en el SUMAC TPI. Por otro lado, repasamos los alfanuméricos JD2025CV00535, en el foro de instancia y KLRA201101214, en el Tribunal de Apelaciones, prestando particular atención a las sentencias dictadas en ambos procedimientos judiciales.

Puntualizamos, que, al atender una moción de desestimación fundamentada en que la reclamación no justifica la concesión de un remedio, el juzgador de instancia deberá tomar por cierto todos los hechos bien alegados en la demanda, así como aquellos que hayan sido aseverados de manera clara, concluyente y que de su faz no den margen a dudas.[76] A su vez, deberá interpretar las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible para la parte demandante, para así determinar si

---

[73] 32 LPRA Ap. V, R. 10.2.
[74] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006).
[75] Regla 10. 2 de Procedimiento Civil, *supra.*
[76] *González Méndez v. Acción Social et al,* supra, a la pág. 234; *Accurate Sols. v. Heritage Enviroment,* supra, a la pág. 433; *Colón v. Lotería,* supra, a la pág. 649.

la misma es suficiente para constituir una reclamación válida.[77] A esos efectos, la desestimación únicamente procederá cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito, o que la parte demandante no tiene derecho a obtener algún remedio.[78] De modo que, contrario a lo alegado por el apelante, el foro primario no estaba obligado adentrarse en la consideración ni adjudicación de los reclamos esbozados por este en sus méritos.

Por otra parte, como bien establecimos en nuestra previa exposición doctrinal, la doctrina de cosa juzgada "persigue poner fin a los litigios luego de que los tribunales los adjudiquen de forma definitiva y, de este modo, garantizar la certidumbre y la seguridad de los derechos declarados mediante una resolución judicial".[79] Será necesario para la aplicación de la doctrina que concurra la más perfecta identidad de las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.[80] Establecido lo anterior, cabe resaltar que el impedimento colateral por sentencia es una modalidad de la defensa de cosa juzgada.[81] Esta doctrina se distingue de la cosa juzgada en que, para su aplicación, no es necesario que se configure el requisito de identidad de causas.[82] En otras palabras, esta doctrina podrá ser de aplicación "cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas".[83]

---

[77] *Torres, Torres v. Torres et al.*, supra, a la pág. 501; *Pressure Vessels PR v. Empire Gas PR*, supra, a la pág. 505.
[78] *González Méndez v. Acción Social et al.*, supra, a la pág. 235.
[79] *Ortiz Matías et al. v. Mora Development*, supra, a la pág. 655.
[80] *Presidential v. Transcaribe*, supra, a la pág. 274; *Fatach v. Triple S, Inc.*, supra, a la pág. 889.
[81] *Beníquez et al. v. Vargas et al.*, supra, a la pág. 225.
[82] *Presidential v. Transcaribe*, supra, a las págs. 276-277.
[83] *Beníquez et al. v. Vargas et al.*, supra, a la pág. 225. (Cita depurada).

Examinado la totalidad de los autos ante nuestra consideración es claro que, como correctamente estableció el foro primario en su *Sentencia,* mediante *Sentencia* dictada en los alfanuméricos JD2025CV00535, en el foro de instancia, y KLRA201101214, en el Tribunal de Apelaciones, quedó resuelto de manera inequívoca que el despido del señor Ruiz Romero fue plenamente justificado. En consecuencia, puesto que concurre la más perfecta identidad de partes y de causa de acción previamente adjudicada y desestimada mediante sentencia final y firme, la reclamación del apelante por despido injustificado al amparo de la Ley Núm. 80 se encuentra derrotada por la doctrina de cosa juzgada. Por otra parte, las reclamaciones del apelante al amparo de la Ley Núm. 115,[84] la Ley Núm. 100,[85] la Ley ADA,[86] y la Ley USERRA,[87] también debemos considerarlas consumadas, toda vez que, al existir justa causa para el despido y descartada la alegación medular de ausencia de causa, carece de fundamento los reclamos accesorios o suplementarios que dependen de dicha premisa. Por lo tanto, resulta de aplicación la doctrina de impedimento colateral por sentencia respecto a dichas reclamaciones, en tanto estas se nutren y dependen íntegramente del alegado despido injustificado ya resuelto.

Ahora bien, reconocemos que el foro de instancia falló al no reconocer en la *Sentencia* ante nuestra consideración que, en efecto, el señor Ruiz Ramos presentó su postura en lo relativo a la *Moción de desestimación de querella laboral, solicitud de desacato, imposición de sanciones y honorarios,* presentada por la parte apelada. Lo anterior, debido a que el apelante fijó su postura al presentar su oposición a dicha solicitud el 22 de abril de 2026.[88] No

---

[84] *Beníquez et al. v. Vargas et al.,* supra, a la pág. 225.
[85] Ley Núm. 100, *supra.*
[86] 42 USCA sec. 12188 *et seq.*
[87] 38 USCA sec. 4301 *et seq.*
[88] SUMAC TPI, a la Entrada Núm. 40.

obstante, dicho error no es razón suficiente para revocar el dictamen apelado, toda vez que no alteraría el resultado final del caso. Es decir que, aunque le asiste razón al apelante en cuanto a que su oposición no fue considerada por el foro primario, tal error no amerita que se revoque la determinación.

Visto todo lo anterior, colegimos que salvo por lo mencionado por el apelante en cuanto a no haber considerado su posición en torno a la solicitud de desestimación, el resto de los errores no fueron cometidos. Por tanto, luego de haber estudiado minuciosamente el expediente en su totalidad, aun cuando ciertamente la posición del apelante fue preterida al momento de emitir el dictamen apelado, o mínimamente, se incluyó una incorrecta mención de los hechos procesales del caso por parte del foro *a quo*, dicho error por sí no amerita que intervengamos con el dictamen apelado.  A tenor, procede confirmar la *Sentencia* apelada.

IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones